**Affirmed and Opinion Filed October 2, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01002-CV

### DOUGLASS WENTWORTH, Appellant
### V.
### LARRY WELSH, Appellee

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-09-02448-C**

## MEMORANDUM OPINION

Before Justices Francis and Myers[1]
Opinion by Justice Francis

Douglass Wentworth appeals the trial court's take-nothing judgment, rendered on a jury verdict, on his negligence claim arising from an automobile collision. In his sole issue, appellant contends the trial court reversibly erred by refusing to instruct the jury on the "original tortfeasor doctrine" and by giving a sole proximate cause instruction. For reasons that follow, we affirm.

In March 2007, appellant was traveling on the west-bound access road near Galleria Mall when his car collided with a vehicle exiting the parking garage and driven by Larry Welsh. At trial, appellant and appellee gave different versions as to how the accident occurred. Appellee testified he stopped before entering the access road, looked both ways, and saw appellant's car

---

[1] Justice David Lewis participated in the oral argument of this case but did not participate in the issuance of this opinion. *See* TEX. R. APP. P. 41.1(b).

"far enough away" in the far left lane. Appellee said he turned right into the lane closest to him and then felt the cars "hit each other." At the time of the impact, appellee had come out of a "dead stop" and was making a "slow right turn" at only a mile or two an hour. Appellee said the two cars "scraped" each other. Appellee's vehicle sustained damage to the side front bumper, but did not break the headlight; appellant's vehicle was scraped five to six feet along the passenger side. Photographs of the vehicles were admitted into evidence. Appellee said his wife, Sharon, was a passenger in his car, and neither was injured.

After the crash, appellant got out of his car, walked over, and the two men inspected their vehicles. Appellee called the police, who asked whether there were any injuries or major damage. When told there was not, the police told the parties to exchange information and leave the scene, which they did.

Sharon Welsh's testimony corroborated her husband's. She said appellant was in the far left lane and "was not a threat" when her husband began exiting the parking garage. She said the collision occurred in the right lane after her husband completed the turn. She said appellant did not appear to be injured after the crash but was "in a hurry, like [he] needed to get somewhere" and was "[a]nxious to exchange information and move on."

In contrast to the Welshes' testimony, appellant denied switching lanes. He said he was traveling in the right lane when appellee exited the parking garage and "T-boned" him. He said impact from the crash "jerked" his body and he hit his head on the interior of the car. At the scene, he said he was "dizzy and stunned" and "just wanted to get home." He testified he suffered memory loss for a month or two after the accident and still suffered from neck pain that he attributed to the accident.

Appellee contended appellant's medical records, dated six weeks after the accident, contradicted that claim. The particular record was a form, filled out by appellant, from Phillips

Family Chiropractic. Appellant handwrote that his neck had been hurting for one week, and he attributed the onset of his symptoms to a "Bad Dr. Visit." Evidence showed appellant was treated at Chirocare a week earlier.

At the charge conference, appellant requested an instruction on the "original tortfeasor doctrine," and appellee requested an instruction on new and independent cause. The trial court denied both but, over appellant's objection, included a sole proximate cause instruction. The trial court submitted the case to the jury in a broad-form charge. Question 1 asked: "Did the negligence, if any, of LARRY WELCH proximately cause the occurrence in question?" Definitions of ordinary care, negligence, and proximate cause preceded the question. The proximate cause definition included the instruction on sole proximate cause. Question 2 asked: "What sum of money, if paid now in cash, would fairly and reasonably compensate DOUGLASS WENTWORTH for the injuries, if any, that resulted from the occurrence in question?" Instructions regarding the elements of damages and pre-existing bodily condition followed.

During deliberations, the jury sent out three notes. The first asked for the photograph of appellee's car, which the trial court provided. The second asked whether the jury needed to answer Question 2 if it answered "no" to Question 1. The record indicates the trial court answered "no." The last note asked the court to "define the occurrence in question" and asked "[d]oes the occurrence refer to the car accident or neck injury?" The trial judge defined the occurrence in question as the car accident, and counsel for both parties agreed.[2] Thereafter, the jury returned its verdict, answering "no" to the liability question.

---

[2] Our record does not contain the written question and answer; however, the reporter's record contains the discussion between the trial judge and the attorneys on the subject. The trial judge said the jury's question was "being file stamped," read the question into the record, and stated she intended to answer "the car accident" unless someone objected. Neither party objected, and the trial judge said, "Hearing no objection, that's what I'm going to write." After brief discussion, both attorneys then indicated their agreement. In addition to the reporter's record, appellant's brief asserts the trial court instructed the jury that "occurrence in question" referred to "the car accident." Appellee does not dispute his assertion; thus, we accept his assertion as true. *See* TEX. R. APP. P. 38.1(g).

In his sole issue, appellant contends the trial court's refusal to instruct the jury on the original tortfeasor doctrine and its inclusion of a sole proximate cause instruction is reversible error.

A trial court must, when feasible, submit a cause to the jury by broad-form questions. TEX. R. CIV. P. 277. It is also required to give "such instructions and definitions as shall be proper to enable the jury to render a verdict." *Id.* An instruction is proper if it (1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and evidence. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 855 (Tex. 2009). Determining necessary and proper jury instructions is a matter within the trial court's discretion, and appellate review is for abuse of that discretion. *Id.* One way in which a trial court abuses its discretion is by failing to follow guiding rules and principles. *Id.* A trial court's error by refusing an instruction or giving an incorrect instruction requires reversal only if it "was reasonably calculated to and probably did cause the rendition of an improper judgment." *Bed, Bath, & Beyond, Inc. v. Urista*, 211 S.W.3d 753, 757 (Tex. 2006) (giving incorrect instruction); *Columbia Rio Grande Healthcare,* 284 S.W.3d at 862 (refusing instruction). In considering the error, we review the entire record. *See Bed, Bath, & Beyond,* 211 S.W.3d at 757; *Columbia Rio Grande Healthcare*, 284 S.W.3d at 862.

We begin with appellant's request for an instruction on original tortfeasor. Appellant requested the jury be instructed as follows:

> Texas law provides that where one has received a personal injury as a result of the negligence of another he can recover all his damages from the original tortfeasor for all damages proximately traceable to the primary negligence, including all subsequent aggravations or injuries the probability which the law regards as a sequence of natural results flowing from the original tort.

Appellant does not cite this Court to any case in which the above instruction was included in a jury charge. Regardless, assuming without deciding that such an instruction would

be appropriate under the facts of this case, there can be no harm. As shown by the plain language of the requested instruction, the doctrine arises only after a jury has found a party negligent. Here, the jury failed to find any negligence on appellant's part; consequently, we cannot conclude that exclusion of the instruction led to the rendition of an improper verdict.

Appellant next argues the trial court erred in including an inferential rebuttal instruction on sole proximate cause in the definition of proximate cause. As part of the proximate cause definition, the trial court instructed the jury as follows: "But if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any person could have been a proximate cause." Assuming the instruction was improper, a review of the record does not indicate that it probably caused the rendition of an improper judgment.

Appellant begins with the premise that the jury could have interpreted "an occurrence" differently than "the occurrence in question." From there, he argues a reasonable jury could have concluded that "an occurrence" for purposes of the sole proximate cause instruction included the negligence of Chirocare, and "because Chirocare was not a party to this proceeding, a reasonable jury could have then concluded that they could not find Welsh to be negligent." We cannot agree.

After the jury began its deliberations, it sent a note asking whether the "occurrence in question" referred to the "car accident or neck injury." In response to the question and with agreement of counsel, the trial court instructed the jury that the occurrence was the car accident. It is not reasonable to believe the jury would thereafter believe "an occurrence" (for proximate cause purposes) related to the neck injury when answering whether Welsh's negligence proximately caused the accident. The evidence showed Chirocare's involvement in the case was only as to appellant's neck injury, and we cannot conclude the jury would have been misled into

–5–

believing the instruction involved Chirocare's "negligence." Rather, it is more likely the jury cleared up any confusion it may have had by asking the court to define the "occurrence in question."

Having reviewed the record in this case, we cannot conclude errors, if any, in the jury charge probably caused the rendition of an improper judgment. We overrule appellant's sole issue.

We affirm the trial court's judgment.


131002F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOUGLASS WENTWORTH, Appellant

No. 05-13-01002-CV     V.

LARRY WELSH, Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas

Trial Court Cause No. CC-09-02448-C.

Opinion delivered by Justice Francis with Justice Myers participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee LARRY WELSH recover his costs of this appeal from appellant DOUGLASS WENTWORTH.


Judgment entered October 2, 2014.